DAIMLER IMPORT CO. v. DAIMLER MOTOREN GESELLSCHAFT.

(Circuit Court of Appeals, Second Circuit.   March 9, 1915.)

No. 145.

CONTRACTS ☞305—CONSTRUCTION—MODIFICATION—WAIVER OF PERFORMANCE.

An agreement by an importing company to pay the expense of returning a fire engine to Germany unless it should be sold within six months *held* to have been waived by the manufacturer by demanding and receiving delivery of the engine in New York after bankruptcy proceedings had been commenced against the importer.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1398, 1399, 1400, 1463, 1464, 1467–1475; Dec. Dig. ☞305.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

This cause comes here on petition to revise an order of the District Court, Southern District of New York, holding that the Motor Company was not entitled to recover or receive credit for expenses incurred by it in shipping a certain fire engine from New York to Germany.

Charles Oakes and G. B. De Luca, both of New York City, for petitioner.

Ernest W. Kelsey, of New York City, for respondent.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

PER CURIAM. The engine had been sent here for sale under a contract by the terms of which the Import Company undertook fully to insure it against fire and other risks and within six months either to return it in good condition to Germany free of any charge to the Motor Company or to pay for it by a remittance of 15,000 marks.

The only question in the case is whether this contract was modified. The six months would expire December 18, 1912. Petition in bankruptcy was filed and receiver appointed on October 21, 1912. As early as October 30th the Motor Company, through its attorneys here, requested that the engine be delivered forthwith to them in New York, and persisted in such request, hoping that they could sell it here. It was delivered to said attorneys herein December, 1912, and, not being able to sell it, they shipped it back to Germany, and now ask to be paid the expense of such shipment.

We concur with Judge Hand in the conclusion that by demanding and accepting delivery here, without reserving any right to compel the Import Company or its receiver to send it to Germany, delivery according to the terms was waived.

The order is affirmed.